# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

## No. 11-15192

---

## In re:  THE NVIDIA GPU LITIGATION

---

### STEVEN NAKASH, et al.,
Class Plaintiffs-Appellees,

v.

### NIKKI JOHNSON,
Plaintiff-Appellant

v.

### NVIDIA CORPORATION,
Defendant-Appellee

Appeal From Judgment Entered by
The United States District Court, Northern District of California,
James Ware, District Court Judge
District Court Case No. 5:08-cv-4312-JW

---

## BRIEF OF PLAINTIFF-APPELLANT NIKKI JOHNSON

---

Thomas L. Cox, Jr
4934 Tremont
Dallas, Texas 75214
469-531-3313
214-855-7878 (fax)
tcox009@yahoo.com

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................... i

TABLE OF AUTHORITIES ............................................................ ii

STATEMENT IN SUPPORT OF ORAL ARGUMENT ........................... 1

JURISDICTIONAL STATEMENT ............................................... 1

STATEMENT OF ISSUES ................................................... 2

STATEMENT OF THE CASE ............................................... 3

STATEMENT OF THE FACTS ............................................. 3

SUMMARY OF ARGUMENT ............................................... 8

ARGUMENT........................................................................ 8

   I.  The Settlement Class should not have been certified ........................ 8

   II.  Class Counsel and the Class Representatives failed to adequately represent the Class.................................................. 13

   III.  The award of attorney fees to Class Counsel was grossly excessive given the limited value received by the Class............................ 20

RELATED CASES.................................................................. 24

CONCLUSION....................................................................... 25

# TABLE OF AUTHORITIES

## CASES

*Amchem Prods., Inc. v. Windsor,* 521 U.S. 591 (1997) ................................13

*Crawford v. Equifax Payment Services, Inc.,* 201 F.3d 877 (7th Cir. 2000)..19

*Culver v. City of Milwaukee,* 277 F.3d 908 (7th Cir. 2002) ...........................19

*Diaz v. Trust Territory of Pacific Islands,* 876 F.2d 1401 (9th Cir. 1989) ....14

*Dukes v. Walmart Stores, Inc.,* 603 F.3d 571 (9th Cir. 2010) ........................16

*Fischel v. Equitable Life Assurance Soc'y,* 307 F. 3d 997 (9th Cir. 2000)....20

*Fisher v. SJB-P.D., Inc.,* 214 F. 3d 1115  (9th Cir. 2000)...............................21

*Forman v. Data Transfer, Inc*., 164 F.R.D. 400 (E.D. Pa. 1995)..................11

*Gilbert v. City of Little Rock,* 722 F.2d 1390 (8th Cir. 1983) ...................2, 13

*Grant v. Bethlehem Steel Corp.,* 823 F.2d 20 (2d Cir. 1987)........................19

*Grunin v. International House of Pancakes,* 513 F.2d 114 (8th Cir. 1975)..14

*Hanlon v. Chrysler Corp.,* 150 F.3d 1011 (9th Cir. 1998) .............................15

*In re Cendent Corp. Litigation,* 264 F.3d 201 (3d Cir. 2001) .......................19

*In re Cmty. Bank of N. Virginia,* 418 F.3d 277 (3d Cir. 2005) .....................16

*In re General Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.,*
    55 F. 3d 768 (3d. Cir. 1995).....................................................14, 17, 19, 23

*In re Relafen Antitrust Litigation,* 360 F.Supp.2d 166, 192 (D. Mass.
    2005)...........................................................................................................13

*In re Traffic Executive Ass'n-E.R.R.s,* 627 F.2d 631 (2d Cir. 1980).............17

*Johnson v. Comerica*, 83 F.3d 241 (8th Cir. 1996) ........................................23

*Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974)7, 24

*Kenro, Inc. v. Fax Daily, Inc.*, 962 F.Supp. 1162 (S.D. Ind. 1997) ........11, 12

*Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67 (9th Cir. 1975) ................7, 24

*Mirfasihi v. Fleet Mortg. Co.,* 356 F.3d 781 (7th Cir. 2004) .................17, 18

*Molski v. Gleich,* 318 F.3d 937 (9th Cir. 2003)..............................................16

*Paul, Johnson, Alston & Hunt v. Graulty,* 886 F. 2d, 268 (9th Cir. 1989) ....20

*Powers v. Eichen,* 229 F. 3d 1249 (9th Cir. 2000) ....................................3, 20

*Reynolds v. Beneficial Nat'l Bank,* 288 F.3d 277 (7th Cir. 2002)...........13, 19

*Riker v. Gibbons,* 2010 WL 4366012 (D. Nev. Oct. 28, 2010).....................14

*Silber v. Mabon,* 957 F.2d. 697 (9th Cir. 1992) .............................................14

*Staton v. Boeing Co.,* 327 F.3d 938 (9th Cir. 2003) .................................15, 22

*Tarlecki v. Bebe Stores, Inc.,* 2009 WL 1364340 (N.D. Cal. May 14, 2009).....................................................................................................21

*Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370 (9th Cir. 1993) ..................21

*Uhl v. Thoroughbred Technology & Telecommunications, Inc.,* 309 F.3d 978 (7th Cir. 2002) ...........................................................................19

*Weinberger v. Great Northern Nekoosa Corp.,* 925 F.2d 518 (1st Cir. 1991)........................................................................................................19

## STATUTES AND FEDERAL RULES

### STATUTES

Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A)....................................1

Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227...................11

### RULES

Fed. R. App. P. 4(a) .......................................................................................2

Fed. R. Civ. P. 23...............................................................................1, 2, 8, 9

Fed. R. Civ. P. 23(a) .................................................................................12. 13

Fed. R. Civ. P. 23(b) .....................................................................................13

Fed. R. Civ. P. 23(e) .............................................................................13, 14, 21

Fed. R. Civ. P. 58..........................................................................................1

iii

# OTHER AUTHORITIES

## OTHER AUTHORITIES

53 UCLA Law Review 1435 (2006) ...............................................................9

58 U. CHI. L. REV. 1 (1991) .......................................................................9

John C. Coffee, Jr., "Class Action Accountability; Reconciling Exit,
Voice, and Loyalty in Representative Litigation," 100 *Colum. L. Rev.*
370 (2000) ...............................................................................................19

Manual For Complex Litigation (4th ed. 2008) ......................................10, 23

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Appellant Johnson believes oral argument would benefit the court and parties.

## JURISDICTIONAL STATEMENT

On information and belief, the district court had diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A), because the case is a class action filed under Fed. R. Civ. P. 23 and at least one member of the proposed class is a citizen of a state different from one defendant, the number of members of all proposed plaintiff classes in the aggregate is at least 100, the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs, and no statutory exception to 28 U.S.C. § 1332(d)(2) applies. *See,* 28 U.S.C. § 1332(d).

The putative class includes citizens and entities of the United States (Final Judgment Vol. 1, p. 1) .

The court's final judgment which disposed of all parties' claims pursuant to Fed. R. Civ. P. 58 was issued on December 20, 2010 (Vol. 1, p.1. and Vol. 1, p. 9). Appellant Johnson filed a notice of appeal on

1

January 14, 2011 (Vol. 1, p. 165, Notice of Appeal), which is timely pursuant to Fed. R. App. P. 4(a).

## STATEMENT OF ISSUES

1.    The Settlement Class should not have been certified.

   **Standard of Review.**    The standard for certification of a settlement class is found in Fed. R. Civ. P. 23 and requires establishing numerosity, commonality, typicality and adequacy and the common issues predominant and a calls action is the superior method of adjudication.

2.    Class Counsel and the Class Representatives failed to adequately represent the Class.

   **Standard of Review.**    The standard for adequacy of representation of the Class is abuse of discretion.  *Gilbert v. City of Little Rock,* 722 F.2d 1390, 1399 (8th Cir. 1983).

3.    The award of attorney fees to Class Counsel was grossly excessive given the limited value received by the Class and a proper formulation does not exist to apply a lodestar analysis.

2

**Standard of Review.**  A district court's award of attorney fees is reviewed for abuse of discretion.  *Powers v. Eichen,* 229 F.3d 1249, 1256 (9th Cir. 2000).

## STATEMENT OF THE CASE

The NVIDIA GPU Litigation is the result of the consolidation of nine class action cases which asserted claims that certain graphics processing units (GPUs) in certain computers were defective.  An Amended Consolidated Complaint was followed by a Second and Third Amended Complaint.  Subsequently the parties entered into a settlement agreement (Vol. 3, p. 402-472) and the Court entered a Final Judgment approving the settlement with those amendments (Vol. 1, p. 1-8 and Vol. 1, p. 9-128).  From this Judgment, five objectors to the settlement have perfected their appeals.

## STATEMENT OF THE FACTS

This is a consumer class action lawsuit alleging that NVIDIA Graphic Processing Units (GPUs) in certain Apple, Dell and HP computers were defective.  (Vol. 1, p. 2).  Collectively, the settlement agreement and three amendments (Vol. 3, p. 402 and Vol. 2, p. 213) gave no relief to class members such as Nikki Johnson, Objector, and

failed to give the relief promised in the settlement agreement to a large portion of the class (Vol. 2, p. 173 and Vol. 3, p. 637-646). A major issue is the Final Judgment (Vol. 1, p. 1-9) which included individuals such as Johnson who no longer own their computer and the supposed carve-out of Settlement Amendment No. 3 (Vol. 2, p. 213-216). In 2006 Objector Nikki Johnson paid $1,600 for an HP computer that was defective (Vol. 2, p. 203-205). She went through extensive correspondence with Hewlett Packard (Vol. 2, p. 192-212). Johnson contacted HP and told them of her problem (Vol. 2, p. 195-196). HP asked her to send in the defective computer, which she did (Vol. 1, p. 197). A short while later Johnson received a new replacement computer from HP (Vol. 2, p. 198). Unfortunately, that computer was also defective. When Johnson complained this time she was told by HP that they would not replace the computer, rather she could "fix it" herself. When she was unable to "fix it" she took it to a computer repairman who was also unable to "fix it" (Vol. 2, p. 195-196). Finally, after two years of frustration, Johnson sent the computer – minus hard drive – to the recycling bin. (Affidavit of Nikki Johnson (Vol. 2, p. 195-196).

4

Four years later, in 2010, Johnson received notification that a class action settlement had been reached and that she would receive nothing in the settlement (Vol. 2, p. 190). Johnson filed an objection to that proposed settlement (Vol. 2, p. 259) and subsequently an amended objection (Vol. 2, p. 183-212). Even though the proposed settlement was amended three times, class members such as Johnson still received nothing and have no further remedy (Vol. 1, p. 1-9). However, Class Counsel have attempted to assert that the Third Amendment to the Settlement Agreement preserves Johnson's rights (Vol. 2, p. 213-216.) It does not. The settlement provides for repair of Dell and Apple computers that are part of the class and replacement of HP computers (Vol. 3, p. 411-417). Johnson has all her receipts and tracking information, and has returned the computer to HP, yet to receive a replacement computer a class member is required to have the computer in his/her possession (Vol. 3, p. 411-417). There is no justifiable reason for carving out persons such as Johnson because (a) the computers were defective and (2) were not being repaired, but rather being replaced.

5

But the indignity does not end there.  Even if Johnson were to receive a replacement computer, the replacement computers that by their very definition were to be of "like and similar kind" (Vol. 3. p. 412-413).  They are not.  The replacement for the $1,600 dual processor 17 inch computer with HDMI is a $300, single processor, 13 inch model without HDMI ports was hardly "like and similar kind" (Vol. 3, p. 412-413).

As a result of the failure to grant relief to all those persons who no longer had their computers, less than 40,000 total claims were filed out of a notice of 5,000,000 (Vol. 1, p. 5).

Class Counsel managed to slip the no compensation provision by Judge Ware (Vol. 2, p. 213-216), however, they were not as successful with Judge Koh (Vol. 3, p. 641-644).

In the hearing held before Judge Koh on May 5, 2011, Class Counsel said they had carved out those people who no longer have their computers (Vol. 2, p. 213-216).  "But there the actual carve out language in amendment number three is confusing at best (Vol. 3, p. 637-646).

Plaintiff's counsel has devoted over 20,300 hours with a lodestar value of $10,000,000.00 (Vol. 1, p. 6). However, the attorney fee proof on the issue is inadequate. For instance, to buttress their attorney fees class counsel cited NVIDIA reserving $315 million for losses associated with the defective chip. It is the benefit to the class, not the cost to defendant, that is controlling. Even though counsel touted a high response rate, there were less than 40,000 computers in the remediation response group (Vol. 2, p. 132-135).

Next, no attempt was made to meet all the 12 factors of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[1]

Following this notification, nine lawsuits from across the country were transferred to the United States District Court for the Northern District of California for consolidation by the Judicial Panel on Multidistrict Litigation ("JPML") on September 12th, 2008. On April 9th, 2009, the Court consolidated the actions as The NVIDIA GPU Litigation (Vol. 3, p. 403).

---

[1] Johnson factors were adopted by this Circuit in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975).

7

## SUMMARY OF ARGUMENT

This appeal complains of a significant portion of the Class either: (1) receiving nothing without a viable reason or (2) those receiving a replacement computer not receiving the computer called for in the settlement agreement.

Additionally, there is not a sufficient basis for the attorney fees awarded by the Court.

Finally, the Class should not have been certified because it lacked commonality.

## ARGUMENT

### I.     The Settlement Class should not have been certified.

A.     **Standard Of Review.**  The standard for certification of a settlement class is found in Fed. R. Civ. P. 23 and requires establishing numerosity, commonality, typicality and adequacy and that common issues predominate and a class action is the superior method of adjudication.

As was observed by Professor William Rubenstein in a UCLA Law Review article:

> Because counsel for the plaintiff Class and the defendant
> share an interest in obtaining court approval of the

8

settlement, judges are unlikely to receive information that could be relevant to the fairness of the settlement from the parties themselves. *See Jonathan R. Macey & Geoffrey P. Miller, The Plaintiffs' Attorney's Role in Class Action and Derivative Litigation Economic Analysis and Recommendations for Reform,* 58 U. CHI. L. REV. 1, 46 (1991). ("[S]ettlement hearings are typically pep rallies jointly orchestrated by plaintiffs' counsel and defense counsel."). 53 UCLA Law Review 1435, 1445 (2006).

The settlement does not comply with Rule 23's substantive and procedural requirements, as it does not establish the commonality, typicality and predominance elements that are required for the Court to certify the Class for settlement.

Since consumers are unable to determine whether or not they will actually receive anything of value, they are unable to make an informed decision regarding whether to participate in the settlement, or object, or exclude themselves.

The timing and structure of the NVIDIA Settlement Agreement appear to be the product of collusion. As an example, HP was dismissed from the lawsuit without payment and allowed to substitute inferior computers as replacements.

The definition of the Class is not adequate and does not comply with due process or Rule 23. Rule 23 and due process require that the

class definition be precise, objective and presently ascertainable. MANUAL FOR COMPLEX LITIGATION (4th ed. 2008), p. 270. To determine if an individual is a class member, a court must be able to do so by reference to the class definition and without inquiry into any sort of fact-finding.

Because the class definition here (1) does not provide a precise, objective and presently ascertainable way to identify Class members and (2) requires a "mini trial" to determine whether a particular person is in the Class, the class definition is not appropriate and the Court should not certify the Class. The problem is that the computer must have certain problems to be a member of the Class.

The Class here is defined as:

> "Settlement Class" means all persons and entities resident in the United States of America who purchased a "Class Computer" in the United States of America. Excluded from the Settlement Class are (1) employees of NVIDIA, including its current or former directors, officers and counsel; (2) any entity that has a controlling interest in NVIDIA; (3) NVIDIA'S affiliates and subsidiaries; and (4) the judge to whom this case is assigned and any member of the judge's immediate family.

Settlement Agreement (Vol. 1, p. 2-3).

However, the Settlement Class is further modified in that the class member must have paid for a covered repair problem, or the class

10

member must still own the computer and is still experiencing a
covered repair problem in order to qualify for repair or replacement.
Thus the determination of who is in the Class requires a mini-trial of
the proposed class member and any witnesses to the transaction to
determine if the computer has the required covered problem. Thus,
Class determination is not presently ascertainable.

Cases under the Telephone Consumer Protection Act (TCPA),
47 U.S.C. § 227, bear out the problem with the class definition. The
two TCPA cases on the class definition are *Forman v. Data Transfer,
Inc.*, 164 F.R.D. 400, 403 (E.D. Pa. 1995) and *Kenro, Inc. v. Fax
Daily, Inc.*, 962 F.Supp. 1162 (S.D. Ind. 1997). *Forman* held at p.
403:

> Here, defining the purported class as "all residents and
> businesses who have received *unsolicited facsimile
> advertisements*" requires addressing the central issue of
> liability to be decided in the case. Determining a
> membership in the class would essentially require a mini-
> hearing on the merits of each case.

As the Court emphasized, it was the inclusion of the factual finding
requirement in the definition as to whether the fax was unsolicited that
made the definition improper. In this case that same problem arises
because the court would need to determine if the required problem

11

existed with the class member's computer. Similarly, the *Kenro* court held:

> Because Kenro's class definition would require the court to conduct individual inquiries with regard to each potential class member in order to determine whether each potential class member had invited or given permission for transmission of the challenged fax advertisements, Kenro has failed to meet the requirements of Rule 23(a).

*Kenro,* 962 F. Supp. at 1169.

The same problem exists here: for any individual, the Court would be required to conduct an individual factual inquiry to determine whether or not the class member's computer has the required covered problem.

The fact that this is a settlement class does not provide for a lesser standard for the class definition. Whether the class is a litigation or settlement class, the definition must be precise, objective and presently ascertainable to comply with due process in giving fair notice to potential class members as to whether they are covered by the judgment. Settlement may eliminate problems with manageability, but it does not eliminate the due process requirement for providing a valid definition of the class.

Because the class definition is deficient, the Court should not certify the Settlement Class nor approve the settlement.

**II.     Class Counsel and the Class Representatives failed to adequately represent the Class.**

A.     **Standard of Review**.     The standard adequacy of representation of the Class is abuse of discretion. *Gilbert v. City of Little Rock,* 722 F.2d 1390, 1399 (8th Cir. 1983).

B.     This Class was certified under Fed. R. Civ. P. 23 (a) & (b)(3) (Vol. 1, p. 3).

"Both the United States Supreme Court and the Courts of Appeal have repeatedly emphasized the important duties and responsibilities that devolve upon a district court pursuant to Rule 23(e) prior to final adjudication and settlement of a class action suit." *In re Relafen Antitrust Litigation,* 360 F.Supp.2d 166, 192-94 (D. Mass. 2005), citing, *inter alia, Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 617, 623 (1997) ("Rule 23 (e) protects unnamed class members from 'unjust or unfair settlements' agreed to by 'fainthearted' or self-interested class 'representatives.'"); *Reynolds v. Beneficial Nat'l Bank,* 288 F.3d 277, 279-80 (7th Cir. 2002) ("district judges [are] to exercise the highest degree of vigilance in scrutinizing proposed settlements of class actions" prior to settlement).

13

"Under Rule 23(e) the district court acts as a fiduciary who must serve as a guardian of the rights of absent class members .... [T]he court cannot accept a settlement that the proponents have not shown to be fair, reasonable and adequate." *In re General Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.,* 55 F. 3d 768, 785 (3d. Cir. 1995) (quoting *Grunin v. International House of Pancakes,* 513 F.2d 114, 123 (8th Cir. 1975)). *See also Riker v. Gibbons,* 2010 WL 4366012, at *2 (D. Nev. Oct. 28, 2010). "A trial court has a continuing duty in a class action case to scrutinize the class attorney to see that he or she is adequately protecting the interests of the class." *Herbert Newberg & Alba Conte,* NEWBERG ON CLASS ACTIONS § 13:20 (4th ed. 2002). "The district court must ensure that the representative plaintiff fulfills his fiduciary duty toward the absent class members." *Diaz v. Trust Territory of Pacific Islands,* 876 F.2d 1401, 1408 (9th Cir. 1989). *Silber v. Mabon,* 957 F.2d 697 (9th Cir. 1992).

It is insufficient that the settlement happened to be at "arm's length" without express collusion between the settling parties. Because of the danger of conflicts of interest, third parties must

14

monitor the reasonableness of the settlement as well. There is a need for "special attention when the record suggests that settlement is driven by fees; that is, when counsel receive a disproportionate distribution of the settlement, or when the Class receives no monetary distribution but the Class Counsel are amply rewarded." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1021 (9th Cir. 1998). *Staton v. Boeing Co.,* 327 F.3d 938, 964 (9th Cir. 2003). ("If fees are unreasonably high, the likelihood that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the Class than could otherwise have obtained.")

In light of the concerns discussed above, to adequately safeguard the rights and interests of absent class members, a district court must evaluate a class's claims and compare the value of those claims to the proffered settlement award.

The district court here abdicated its responsibility to the absent class members at every step. Rather than evaluate the plaintiffs' claims, the court simply adopted the settling parties' proposed findings. Accordingly, those "findings" do not deserve this Court's

15

deference. *See Molski v. Gleich,* 318 F.3d 937, 946 (9th Cir. 2003)[2] ("The district court's decision must be supported by sufficient findings to be afforded the traditional deference given to such a determination." (Internal quotation marks omitted)); *see also In re Cmty. Bank of N. Virginia,* 418 F.3d 277, 301, 302 (3d Cir. 2005) ("Because we are not convinced that the District Court exercised 'independent judgment' in adopting the proposed findings of the settling parties, we conclude that the settlement-only class was never properly certified[.]"). Because the district court failed to exercise its discretion, the judgment must be vacated.

A district court must first evaluate the plaintiffs' claims and compare the value of those claims, which is a function of their likelihood of success and the plaintiffs' likely recovery should they succeed, with the proposed settlement amount. *See Molski,* 318 F.3d at 953-54 & n. 23 (noting the disparity between the settlement amount and the displaced damages claims and concluding that "the consent decree permits [the defendant] to escape potential liability of $500 million ... in exchange for $195,000 in tax-deductible donations");

---

[2]  Overruled on other grounds by *Dukes v. Walmart Stores, Inc.,* 603 F.3d 571 (9th Cir. 2010).

*Mirfasihi v. Fleet Mortg. Co.,* 356 F.3d 781, 786 (7th Cir. 2004) (discussing a "district judge's duty in a class action settlement situation to estimate the litigation value of the claims of the class and determine whether the settlement is a reasonable approximation of that value"); *see also In re Traffic Executive Ass'n-E.R.R.s,* 627 F.2d 631,633 (2d Cir. 1980) (noting that the district court is "required to explore the facts sufficiently to make an intelligent comparison between the amount of the compromise and the probable recovery"); *In re General Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.,* 55 F.3d at 806; *In re Microsoft Corp. Antitrust Litig.,* 185 F. Supp. 2d 519, 526-27 (D. Md. 2002) (comparing the value of the claims to the value of the cy pres settlement).

The district court erred in failing to place a value to the Class on the settlement.

In *Mirfasihi v. Fleet Mortgage Corporation E* 356 F.3d 781, 782 (7th Cir. 2003) a class of 1.6 million received nothing, the court noted:

> The challenge focuses on the fact that one of the classes, namely the pure information-sharing class, received absolutely nothing, while surrendering all its members' claims against Fleet. Of course, if their claims were

17

> worthless (more precisely, worth too little to justify a distribution – a qualification that we elaborate on below), they lost nothing.  But the district judge did not find that their claims were worthless, and it would be surprising if they were.  The allegedly unauthorized transmittal of information to the telemarketers may have violated state consumer protection statutes that authorize the victims of the violation to obtain damages;

The court was also troubled by the reversion clause and noted at 783:

> The part of the $2.4 million that is not claimed will revert to Fleet, and it is likely to be a large part because many people won't bother to do the paperwork necessary to obtain $10, or even a somewhat larger amount.

In this settlement a fund of 2 million dollars was established to reimburse class members for repairs that they had paid, but as of March 29, 2010 (Vol. 2, p. 133), only 36,487 class members had filed claims for reimbursement.  (Vol. 2, p. 133).  Therefore it appears that much of the reimbursement fund will all revert to NVIDIA with the entire class of persons such as Johnson left with nothing and others left with an unacceptable "replacement" computer.

Conflicts of interest between Class Counsel and class members are a common occurrence and concern of courts.  In *Mirfasihi* the Court noted at p. 785:

> Because class actions are rife with potential conflicts of interest between class counsel and class members,

*Reynolds v. Beneficial National Bank,* 288 F.3d 277, 279-83 (7th Cir. 2002); *In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation,* 55 F.3d 768, 801-05 (3d Cir. 1995); *Weinberger v. Great Northern Nekoosa Corp.,* 925 F.2d 518, 524 (1st Cir. 1991) John C. Coffee, Jr., "Class Action Accountability; Reconciling Exit, Voice, and Loyalty in Representative Litigation," 100 *Colum. L. Rev.* 370, 385-93 (2000), district judges presiding over such actions are expected to give careful scrutiny to the terms of proposed settlements in order to make sure that class counsel are behaving as honest fiduciaries for the class as a whole. *Uhl v. Thoroughbred Technology & Telecommunications, Inc.,* 309 F.3d 978, 985 (7th Cir. 2002); *Culver v. City of Milwaukee,* 277 F.3d 908, 915 (7th Cir. 2002); *In re Cendent Corp. Litigation,* 264 F.3d 201, 231 (3d Cir. 2001); *Grant v. Bethlehem Steel Corp.,* 823 F.2d 20, 23 (2d Cir. 1987). Unfortunately the district judge's decision approving the settlement does not discuss the settlement's questionable features – not only the one we've stressed, namely the denials of any relief to an entire class, the kind of thing that led to rejection of the settlements in *Crawford v. Equifax Payment Services, Inc.,* 201 F.3d 877, 880-82 (7th Cir. 2000), and *Molski v. Gleich, supra,* 318 F.3d at 953-54; …The last is the most important, especially in view of the fact that the information class did not have separate counsel. In *Reynolds v. Beneficial National Bank, supra,* 288 F.3d at 284-85, we emphasized the district judge's duty in a class action settlement situation to estimate the litigation value of the claims of the class and determine whether the settlement is a reasonable approximation of that value.

Johnson specifically requested that the Court appoint separate counsel for members of the Class such as herself who had disposed of their computer and would receive nothing. As seen from the reports

to the Court, less than 40,000 members of a class of over 2 million are receiving any compensation at all.

## III.    The award of attorney fees to Class Counsel was grossly excessive given the limited value received by the Class.

A district courts' award of attorney fees in a class action is reviewed for abuse of discretion.  *Powers v. Eichen,* 229 F. 3d 1249, 1256 (9th Cir. 2000).

"A district court abuses its discretion if its decision is based on an erroneous conclusion of law or if the record contains no evidence on which it rationally could have based its decision."  *Fischel v. Equitable Life Assurance Soc'y,* 307 F. 3d 997, 1005 (9th Cir. 2000) (quoting *Paul, Johnson, Alston & Hunt v. Graulty,* 886 F. 2d, 268, 270 (9th Cir. 1989)). The district court may exercise its discretion to choose between the lodestar and percentage method in calculating fees. *See Powers,* 229 F.3d at 1256. a district court, however, abuses that "discretion when it uses a mechanical or formulaic approach that results in an unreasonable reward." *Id.*

We review the district court's underlying factual determinations for clear error. *Id.* "Any element of legal analysis which figures in the

district court's decision is reviewed de novo." *Fisher v. SJB-P.D., Inc.,* 214 F. 3d 1115, 1118  (9th Cir. 2000).

As a matter of economic reality, the attorneys' fees stipulated by parties in the agreement and approved by the Court are integral to their agreement.

The realty of this settlement is that less than 40,000 class members will receive benefits and the value of the replacement computer is not "of like and similar kind" as required in the settlement agreement.  If the requested fees are approved, then Class Counsel will have captured more than half of the benefit for themselves.  This is a much higher percentage that would normally be permitted in a common fund settlement.  *Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370, 1376 (9th Cir. 1993) (25% benchmark in common fund settlement for determining fairness); *see also Tarlecki v. Bebe Stores, Inc.,* 2009 WL 1364340 (N.D. Cal. May 14, 2009) (criticizing settlement where attorneys received 46% of payout).

The agreed attorneys' fees must be scrutinized when evaluating whether the settlement is fair, reasonable, and adequate. "There is no exception in Rule 23(e) for fee provisions contained in proposed class

action settlement agreements. Thus, to avoid abdicating its responsibility to review the agreement for the protection of the Class, a district court must carefully assess the reasonableness of a fee amount spelled out in a class action settlement agreement." *Staton v. Boeing Co.,* 327 F.3d 938, 963 (9th Cir. 2003). Provisions for attorneys' fees are contained in the settlement agreement, so this Court has a responsibility to review fees. There is good reason for this: "If fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the class than could otherwise have obtained." *Id.* at 964.

"That the defendant in form agrees to pay the fees independently of any monetary award or injunctive relief provided to the class in the agreement does not detract from the need carefully to scrutinize the fee award." *Staton*, 327 F3d. at 964. A "defendant is interested only in disposing of the local claim asserted against it." *Id.* "The rationale behind the percentage of recovery method also applies in situations where, although the parties claim that the fee and settlement are

22

independent, they actually come from the same source." *In re General Motors Corp. Pickup Truck Tank Prod. Liab. Litig.*, 55 F.3d 768, 820 (3rd Cir. 1995). "[P]rivate agreements to structure artificially separate fee and settlement arrangements fee shifting case." *Id*. at 821.

"[I]n essence the entire settlement amount comes from the same source. The award to the class and the agreement on attorney fees represent a package deal." *Johnson v. Comerica*, 83 F.3d 241 (8th Cir. 1996). This Court should evaluate these supposedly separate payments as if they were part of a functionally-identical common fund recovery. "If an agreement is reached on the amount of a settlement fund and a separate amount for attorney fees" then "the sum of the two amounts ordinarily should be treated as a settlement fund for the benefit of the class, with the agreed-on fee amount constituting the upper limit on the fees that can be awarded to counsel." MANUAL FOR COMPLEX LITIGATION (4th ed. 2008), & 21, 71, p. 525. The attorneys' fees may be measured against this total fund to determine whether the allocation between attorneys and the Class is reasonable. *See id*.

The amount involved and the results obtained touted by class counsel were far out of line with reality. On information and belief,

23

there was no showing of the skill and experience of each and every attorney billing on this case. This case was not novel or any more difficult than the average class action. There was no "undesirability" factor in handling this case. There were not time limits imposed by the Class. The amount involved was grossly exaggerated by counsel and the results obtained included: (1) a large portion of the class receiving nothing; (2) replacement computers that were no6t "of like and similar kind" and a complete release of defendant HP without contribution to the settlement. This Circuit adopted the 12 factors announced by the Fifth Circuit[3] for reviewing class action awards in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975). The above factors are hardly the result envisioned by *Johnson*.

## RELATED CASES

Related cases are 11-15182, 11-15186, 11-15190 and 11-15191. This appeal was consolidated by Court Order and the related cases arise from the approval of the Judgment by the District Court and raise the same or closely related issues on appeal.

---

[3] *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974).

24

## CONCLUSION

The Court should disapprove the settlement and remand the case for further consideration below.  Johnson asks for further relief to which the Court may deem proper.

Respectfully Submitted,


Date: _____May 31, 2011_____          _____/S/ Thomas L. Cox, Jr._____
                                        Thomas L. Cox, Jr.
                                        4934 Tremont
                                        Dallas, Texas  75214
                                        (469) 531-3313
                                        (214) 855-7878 (FAX)
                                        tcox009@yahoo.com

                                        Attorney for Nikki Johnson


## CERTIFICATE OF SERVICE
## CM/ECF FILING/SERVICE
## U.S. Court of Appeals, Case No. 11-15192

I hereby certify that on May 31, 2011, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.  (We have mailed the foregoing Appellant's Brief by First Class Mail to the non-CM/ECF participants.)

Date: _____May 31, 2011_____          _____/S/ Thomas L. Cox, Jr._____

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)(7)(C)

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C), I certify that the foregoing brief is proportionately spaced, has a type-face of 14 points, and as calculated by my word processing software (Microsoft Word) contains 4,778 words.

Date: \_\_\_\_\_May 31, 2011\_\_\_\_        \_\_\_\_\_/S/ Thomas L. Cox, Jr.\_\_\_