**Appeal No. 11-15186**

**Consolidated With**
**Appeals No. 11-15182, 11-15190, 11-15191, 11-15192**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

**In re: THE NVIDIA GPU LITIGATION**

---

**STEVEN NAKASH, et al.**
Class Plaintiffs – Appellees,
**v.**
**FRANK BARBARA**
Objector – Appellant
**v.**
**NVIDIA CORPORATION,**
Defendant – Appellee

Appeal from Judgment Entered By
The United States District Court, Northern District of California
James Ware, District Court Judge
District Court Case No. 5:08-cv-04312-JW

---

**OPENING BRIEF OF FRANK BARBARA**

---

Darrell Palmer (SBN 125147)
Law Offices of Darrell Palmer PC
603 N. Highway 101, Suite A
Solana Beach, CA 92075
Phone: (858) 792-5600
Fax: (858) 792-5655
darrell.palmer@palmerlegalteam.com

## TABLE OF CONTENTS

I.    JURISDICTIONAL STATEMENT …………………………………… 1

II.    STATEMENT OF ISSUES ………………………………………… 1

III.    STANDARDS OF REVIEW ………………………………………2

        *Issue One* …………………………………………………… 2

        *Issue Two* …………………………………………………… 2

        *Issue Three* ………………………………………………… 3

IV.    STATEMENT OF THE CASE ……………………………………. 3

V.    STATEMENT OF FACTS …………………………………………. 3

VI.    SUMMARY OF ARGUMENT ……………………………………4

      A.    THE DISTRICT COURT ABUSED ITS DISCRETION
            BY APPROVING CLASS CERTIFICATION ……………… 4

           1.    The Differing State Consumer Laws Bring up Issues
               Of Predominance and Adequacy Under Rule 23 ……… 4

               a.    *Adequacy Issues* ………………………… 4
               b.    *Predominance Issues* …………………… 7

           2.    The Court Did Not Support its Decision in the Record ….9

      B.    THE DISTRICT COURT ERRED IN APPROVING THE
            SETTLEMENT BECAUSE THE SETTLEMENT DOES
            NOT TREAT ALL CLASS MEMBERS EQUALLY ………….11

      C.    THE ATTORNEYS' FEES ARE GROSSLY
            DISPROPORTIONATE TO THE RELIEF PROVIDED
            TO THE CLASS ……………………………………………. 13

VII.    CONCLUSION …………………………………………………… 13

CERTIFICATE OF COMPLIANCE ……………………………………… 14

STATEMENT OF RELATED CASES ………………………………… 15

i

# TABLE OF AUTHORITIES

## Cases

*Amchem Products, Inc. v. Windsor*
521 U.S. 591 (1997) …………………………………………………… 7, 9

*Arnold v. Microsoft Corp.*
(Ky.Cir.Ct. 2000) 2001 WL 193765 ………………………………….   8

*Campion v. Old Republic Home Protection Co.*, Inc.
272 F.R.D. 517 (S.D.Cal. 2011) …………………………………….  7

*Deitz v. Comcast Corp.*
2007 WL 2015440, *6-7 (N.D.Cal. 2007) …………………………….  7

*Denney v. DeutscheBank AG*
(2d Cir. 2006) 443 F.3d 253, 270 ………………………………….   9

*Ficalora v. Lockheed California Co.*
751 F.2d 995 (9th Cir. 1985) ………………………………………. 9, 10

*Forsyth v. Humana, Inc.*
114 F.3d 1467, 1481 (9th Cir.1997) ……………………………….   7

*General Telephone Co. of Northwest v. EEOC*
446 U.S. 318, 330 (1980) …………………………………………   5

*General Telephone Co. of Southwest v. Falcon*
457 U.S. 147, 156 (1982) …………………………………………   5

*In re Grand Theft Auto Video Game Consumer Litigation*
251 F.R.D. 139, 159-160 (S.D.N.Y. 2008) ………………………….. 9

*In re Warfarin [Sodium Antitrust Litigation]*
(3d Cir. 2004) 391 F.3d 516, 529-30 ……………………………….   9

*Knight v. Kenai Peninsula Borough Sch. Dist.*
131 F.3d 807, 816–17 (9th Cir.1997) …………………………….  3, 11

*Mandujano v. Basic Vegetable Products, Inc.*
541 F.2d 832, 836 (9th Cir. 1976) ………………………………….   10

*Mazur v. eBay Inc.*
257 F.R.D. 563 (N.D.Cal. 2009) …………………………………… 7

*Molski v. Gleich*
318 F.3d 937, 955 (9th Cir.2003) ………………………………………… 2, 10

*Parra v. Bashas', Inc*.
536 F.3d 975, 977 (9th Cir.2008) …………………………………………  2

*Powers v. Eichen*
229 F.3d 1249, 1256 (9th Cir. 2000) ……………………………………  3

*Stickrath v. Globalstar*
527 F.Supp.2d 992, 996 (N.D.Cal.2007) …………………………………  8

*United States v. Hinkson*
585 F.3d 1247, 1262 (9th Cir.2009) …………………………………… 2, 11

*Wal-Mart Stores, Inc. v. Dukes*
131 S.Ct. 2541 (2011) ……………………………………………………… 5

## **Codes, Rules and Other Materials**

28 U.S.C. § 1332(d)(2)(A) …………………………………………………  1

28 U.S.C. § 1291    ………………………………………………………….  1

Federal Rules of Civil Procedure

    23    ………………………………………………… 1, 2, 4, 6, 9

    23(a)    …………………………………………………  4, 5, 11

    23(b)    …………………………………………………… 4, 11

    28(i)    …………………………………………………… 4, 13

    28-4 Circuit Advisory Committee Note    ……………………… 4, 13

Model Rules of Professional Conduct 1.8(g) ………………………………  5

## **State Codes**

Alabama Code §8-19-10(f) …………………………………………………  8

Alabama Code §8-19-10(e) …………………………………………………  8

Alaska Stat. Ann. §45.50.535(b)(1) …………………………………………  8

California Civ. Code §1782(a)(1) …………………………………………  8

Georgia Code Ann. §10-1-399(a) …………………………………………8

Kansas Stat. Ann. §50-634(g) ………………………………………………  8

Louisiana Rev. Stat. Ann. §51:1409(A) ……………………………………  8

Mississippi Code Ann. §75-24-15(4)  ………………………………………  8

Missouri Ann. Stat. 407.025(7) ……………………………………………  8

New Jersey Stat. Ann. §56:8-20 ……………………………………………  8

## I.     JURISDICTIONAL STATEMENT

The District Court had diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A), because the case is a class action filed under Fed. R. Civ. Proc. 23 and at least one member of the proposed class is a citizen of a state different from one defendant, the number of members of all proposed plaintiff classes in the aggregate is at least 100, the aggregate amount in controversy exceeds $5 Million, exclusive of costs and interests, and no statutory exception applied to 28 U.S.C. § 1332(d)(2)(A).

This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.  The District Court entered its order approving the national class action settlement and releasing all outstanding claims on December 20, 2010.  (Doc. 320, E.R., p. ___.)(Hereinafter "D.E." shall refer to "docket entry' and "E.R." shall refer to Appellant's "excerpt of the record.")  Objector Appellant Frank Barbara (hereinafter, "Appellant Barbara") timely filed the instant appeal.  (Notice of Appeal D.E. 296, E.R. 1.)  This Objector has standing to appeal this final approval of a class action settlement.

## II.     STATEMENT OF ISSUES

In his objection filed below, Appellant Barbara raised the following issues with respect to the settlement of this class action:

1)     The differing consumer laws within each state vary greatly.  These vast differences may potentially defeat a finding of class certification and the

1

district court should have, but did not, analyzed how these differing laws affect certain prongs of Fed. R. Civ. Proc. 23.

2)     The settlement provides very little value to class members and is tantamount to illusory relief.

3)     The attorneys' fees are grossly disproportionate to the relief provided to the class.

## III.    <u>STANDARDS OF REVIEW</u>

### *Issue One*

The Appellate Court reviews issues of class certification under the standards for certification espoused pursuant to Fed. R. Civ. Proc. 23 and, accordingly, applies the abuse of discretion standard.  *Parra v. Bashas', Inc*., 536 F.3d 975, 977 (9th Cir.2008).

Where the district court applied the incorrect legal rule or where the district court's application of the law to the facts was: (1) illogical; (2) implausible; or (3) without support in inferences that may be drawn from the record, the Court of appeals reviews for abuse of discretion. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir.2009)

### *Issue Two*

The Appellate Court reviews the district court's approval of a class action settlement under the abuse of discretion standard.  *Molski v. Gleich*, 318 F.3d 937, 955 (9th Cir.2003).

*Issue Three*

A district court's award of attorney fees is reviewed for abuse of discretion.   *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000.)

"[A] district court abuses it's discretion when it makes an error of law." *Knight v. Kenai Peninsula Borough Sch. Dist*., 131 F.3d 807, 816–17 (9th Cir.1997).

## IV.   STATEMENT OF THE CASE

The NVIDIA GPU Litigation (Case No. 08-4312 JW) (hereinafter, "Nvidia") is the result of the consolidation of nine class cases asserting claims that selected computer products manufactured by Defendant and installed in certain computers were defective.  An amended consolidated complaint was filed on May 6, 2009.  The putative plaintiff class and defendant NVIDIA Corporation entered into a settlement agreement on August 12, 2010. (D.E. 237.)

The district court entered a preliminary approval order on September 2, 2010.  Appellant Barbara filed his objection to the proposed settlement on November 5, 2010.  (Doc. 296, E.R. p. 17-34).  The Court entered Final Judgment approving the settlement.  (Doc. 320, E.R. 9-16).  Appellant Barbara filed his timely notice of appeal on January 18, 2011.  (Doc. 327, E.R. p. 1-4).

## V.   STATEMENT OF FACTS

To avoid repetitive statements of facts common to all Appellants in this

3

matter, Appellant Barbara adopts by reference the Statements of Facts contained in the briefs submitted by all counsel for co-appellants pursuant to F.R.A.P. 28(i). See also Circuit Advisory Committee Note to Circuit Rule 28-4.

## VI.   SUMMARY OF ARGUMENT

### A.   THE DISTRICT COURT ABUSED ITS DISCRETION BY APPROVING CLASS CERTIFICATION.

#### 1.   The Differing State Consumer Laws Bring up Issues of Predominance and Adequacy Under Rule 23.

As stated in Appellant Barbara's objection, the Consumer protection laws of the 50 states contemplated within the underlying lawsuit vary greatly. While these vast differences do not always defeat class treatment of the litigation, it is the duty of the district court to inquire into whether it may.

To certify a class, the Plaintiffs must comply with the requirements espoused in Federal Rule of Civil Procedure 23. Under Rule 23(a), among other things, Class Counsel must show both that the interests of the representative party do not conflict with the interests of any of the absent class members and that class counsel is adequate. Rule 23(b) requires class claims to predominate over individual issues. The proposed settlement suffers the fatal flaw of potentially lacking under both of these requirements.

##### a.   *Adequacy Issues*

The remedy provided in this lawsuit, reimbursement of provable repairs or providing eligible class members with a repaired or "new" computer, fails to

differentiate between residents of the various states. The consumer protection statutes vary widely state to state.   Therefore, this places class representatives at odds with other unnamed class members from different states that have more desirable consumer protection laws.  This also compromises the adequacy of class counsel as a result of a possible conflict; representing named plaintiffs from one state at the potential expense of absent class members from different states.

Rule 23(a) operates to ensure that the lead plaintiffs are appropriate representatives for the individuals on whose behalf they litigate.  *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541 (2011.)  The requirements of Rule 23(a) "limit the class claims to those fairly encompassed by the named plaintiff's claims." *Id.,* citing *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982) (quoting *General Telephone Co. of Northwest v. EEOC*, 446 U.S. 318, 330 (1980)).

The conflicting consumer state statutes have the affect of making lead plaintiffs' claims and available remedies different from the absent class members they represent. This, by definition, makes lead plaintiffs inadequate to represent absent class members from different states. Similarly, class counsel faces the very real conflict of being unable to adequately represent these same absent class members because the interests of the named plaintiffs are divergent from the rest of the class.  See, Model Rules of Professional Conduct 1.8(g).

5

Although conflicting consumer statutes do not always result in a finding of inadequacy under Rule 23, the trial court should certainly have supported its reasons for finding adequacy in detail within the record, as there is truly no mention of it in either the transcript of the final fairness hearing (E.R. 5-8) and brief (but unsubstantiated) mention in its final order (E.R. 9-16.)  In fact, when the Court was pressed about this very issue by one of the objectors, the Court breezed past the topic with no comment whatsoever.

**MR. DAVIS**:        There's been no analysis or at least I haven't been presented with an analysis of the effect of the different state laws of the 50 states and, you know, why consumers in states with more consumer friendly laws are having to take a worse deal because they're being lumped in with consumers who reside in states with less consumer friendly laws.

**THE COURT**:        Well, those generalities don't help me.  But I do appreciate your objection.  (E.R. 5-8.)

The Court did not make any further mention of the potential issue of differing state consumer laws at the final fairness hearing.  The Court made no mention of this issue in its final approval order.  Some discussion should have been made regarding this topic, as more than one objector raised it in their objection and at oral argument.

/ / /

/ / /

6

b.    *Predominance Issues.*

Predominance tests whether a proposed class is sufficiently cohesive to support class treatment. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997.)  In order to prevail on this prong, the Court must have support for it's finding that common issues predominate over individual ones. See generally, *Id.*  The Court provided no support regarding its evaluation of predominance anywhere in the record.

Predominance is readily defeated by the application of differing consumer laws. *Campion v. Old Republic Home Protection Co*., Inc., 272 F.R.D. 517 (S.D.Cal.,2011.)(finding that the consumer claims presented in that case required a finding of actual reliance and, thus, defeated predominance.); See also, *Mazur v. eBay Inc*., 257 F.R.D. 563 (N.D.Cal.,2009).  (Plaintiffs alleged financial harm and seek damages in all of their causes of actions. Such allegations will require individual inquiries regarding evidence of injury and damages and, thus, defeats predominance.) See *Deitz v. Comcast Corp.*, 2007 WL 2015440, *6-7 (N.D.Cal.2007) (class certification not appropriate for claims for negligent misrepresentation, CLRA violations, and unjust enrichment where damages required individual inquiry); *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1481 (9th Cir.1997) ("To maintain a claim under RICO, a plaintiff must show not only that the defendant's violation was a "but for" cause of his injury, but that it was the proximate cause as well ... plaintiff must show a concrete

7

financial loss."); *Stickrath v. Globalstar*, 527 F.Supp.2d 992, 996

(N.D.Cal.2007.)

Like the foregoing cases, the analysis of entitlement to damages requires

individual assessments for each settlement class member.  And the varying state

consumer protection laws will affect each class member's analysis.  For

example, some settlement class members are barred from participating in any

consumer fraud class action, including this one.  *See, e.g.,* Ala. Code §8-19-

10(f); Ga. Code Ann. §10-1-399(a); La. Rev. Stat. Ann. §51:1409(A); Miss.

Code Ann. §75-24-15(4).  In *Arnold v. Microsoft Corp.* (Ky.Cir.Ct. 2000) 2001

WL 193765, the court held that the relevant Kentucky consumer fraud provision

does not permit a class action suit.  In other states, class members must notify

the state attorney general in order to be entitled to collect damages.  Kan. Stat.

Ann. §50-634(g); Mo. Ann. Stat. 407.025(7); N.J Stat. Ann. §56:8-20.  *Accord,*

Oregon, Washington.  In the present case, it does not appear that any attorneys

general have been notified.  In some states, the class members must notify the

defendant of the imminence or pendency of an action for consumer fraud in

advance.  *See,* Ala. Code §8-19-10(e); Alaska Stat. Ann. §45.50.535(b)(1); Cal.

Civ. Code §1782(a)(1).  *Accord,* Georgia, Indiana, Maine, Massachusetts,

Texas, and Wyoming.  That was not done in this case.

Here, the district court conducted no analysis regarding the predominance

requirement of Rule 23, apart from a brief statement in its final order.  The

Court found "such common questions predominate over any questions solely affecting only individual Settlement Class members." (E.R. 11, Final Order, ¶5.)

Differences in the applicable state laws in this case go to the heart of the Class members' substantive claims and potential recoveries and, thus, undermine the cohesiveness of the class, as required by Rule 23. As such, certification of the Settlement Class is especially inappropriate, despite the existence of the Settlement. This is improper because the predominance inquiry "may not be watered down merely because the parties have entered a proposed settlement." *In re Grand Theft Auto Video Game Consumer Litigation* 251 F.R.D. 139, 159-160 (S.D.N.Y. 2008), citing *Amchem Products,* 521 U.S. at 620; *Denney v. DeutscheBank AG* (2d Cir. 2006) 443 F.3d 253, 270; *In re Warfarin [Sodium Antitrust Litigation]* (3d Cir. 2004) 391 F.3d 516, 529-30.

The trial court had the opportunity to address the issue of differing state consumer laws but did not. It should have addressed this topic under the parameters of Rule 23, even if only to eventually dismiss the problem as moot. Accordingly, the district court abused its discretion by failing to do so.

### 2. The Court Did Not Support its Decision in the Record.

The district court has the responsibility to inquire into whether these consumer state issues would unfairly affect any class members. *Ficalora v. Lockheed California Co*. 751 F.2d 995 (9th Cir. 1985). Before approving a class

9

action settlement, the district court must reach a reasoned judgment that the proposed agreement is not the product of fraud or overreaching by, or collusion among, the negotiating parties and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned parties. *Id.* at 997.  "The district court's decision must be supported by sufficient findings to be afforded the traditional deference" afforded by the abuse of discretion standard. *Molski v. Gleich*, 318 F.3d 937, 946 (9th Cir. 2003.)

The district court was required to, but did not, explain its decision regarding the fairness and adequacy of the settlement on the record.  It is not required that it be in great detail in the court's final order, so long as its decision is supported by the record of the litigation.   Thus, district courts must also consider objections to the settlement and give reasoned responses to them.  A "[h]earing held on objections to proposed settlement of class action must be sufficient to enable the trial court to set forth on the record a reasoned response to the objections."   *Mandujano v. Basic Vegetable Products, Inc.*, 541 F.2d 832, 836 (9th Cir. 1976.)  The trial court must be able to state "findings of fact and conclusions of law as may be necessary to support the response."  *Id.*  These findings must appear "on the record."  *Id.*

The district court's failure to address this issue is abundantly clear from a review of the record.  Objector Barbara and others broached the issue of differing consumer laws in their objections and at the final fairness hearing but

10

these observations were given short shrift by the district court.  See, quote from the transcript of the final fairness hearing, supra, in Section I(A)(i.)  (E.R. Nos. 5-8.)  Likewise, in the Court's final order approving settlement, no discussion was given regarding the potential class treatment issues that may arise in light of the vastly differing state consumer issues.  (E.R. Nos. 9-16.)

Where the district court's application of the law to the facts was illogical, implausible; or without support in inferences that may be drawn from the record, the Court of appeals reviews for abuse of discretion.  *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir.2009).  "[A] district court abuses it's discretion when it makes an error of law."  *Knight v. Kenai Peninsula Borough Sch. Dist.*, 131 F.3d 807, 816–17 (9th Cir.1997).  Based upon the foregoing undisputed facts, the district court appears to have made an error of law in failing to consider the effect different consumer laws may have on issues of predominance and adequacy under Rule 23(a) and (b).  Accordingly, the district court has abused its discretion in this determination.

## B.    THE DISTRICT COURT ERRED IN APPROVING THE SETTLEMENT BECAUSE THE SETTLEMENT DOES NOT TREAT ALL CLASS MEMBERS EQUALLY.

The Settlement provides sparing in-kind and monetary relief to some, but not all, class members.  In order to obtain relief in this settlement, a class member is required to be of the sort that retains proofs of purchase and receipts.  Many class members are not this organized.  The only remedy available to these

organized class members is the repair of their old, defective computer, a new "like" computer, or reimbursement for provable repairs. These remedies leave out individuals that no longer possess their computer, which is many, and individuals that did not keep receipts for repairs, which is many. Accordingly, this settlement effectively carves out the bulk of the class who were affected by Defendant's wrongful conduct.

Appellant purchased one of the affected computers that is part of this settlement. For countless months, he tolerated a thick, distracting line down the middle of his screen before finally discarding the damaged laptop and buying a replacement computer. (E.R. Nos. 17-34.) There is no appreciable relief for people like Appellant Barbara, who very reasonably no longer possess their old computer that functioned poorly, even when new.

The cash relief scarcely provides any recompense for the extreme frustration these computer chips have caused these class members. Out of a fund totaling $2 million, the remainder of which will revert to Defendants, a scant 36,487 claims have been made. Thus, out of a total of 5 million to whom notice was sent, and including the countless other class members that received notice by publication, less than one percent of the available class members have made a claim for cash relief. This settlement does little to compensate even the class members that are included in the settlement, as is clear by the claims rate.

12

Accordingly, this settlement should not have been approved because the purported relief is illusory.

### C.   THE ATTORNEYS' FEES ARE GROSSLY DISPROPORTIONATE TO THE RELIEF PROVIDED TO THE CLASS.

To avoid repetitive statements of facts common to all Appellants in this matter, Appellant Barbara adopts by reference the arguments regarding excessive attorneys' fees as so stated in the Opening Brief of Appellant Nikki Johnson pursuant to F.R.A.P. 28(i). See also Circuit Advisory Committee Note to Circuit Rule 28-4.

The attorneys' fee award is excessive, particularly given the de minimis relief provided to the Class.  At the very minimum, the relief actually provided to the class should have first been ascertained prior to awarding these astronomical fees to class counsel.

## VII.   CONCLUSION

For the foregoing reasons, this Honorable Court should reject the Settlement approved below and remand to the district court for further consideration of the issues above.  Appellant also requests such other relief, as the Court deems appropriate.

Dated: August 1, 2011                    Law Offices of Darrell Palmer

                                         By: /s/ J. Darrell Palmer_____
                                              J. Darrell Palmer
                                         Attorney for Appellant Frank Barbara

13

## CERTIFICATE OF COMPLIANCE TO FED. R. APP. 32(a)(7)(C) AND CIRCUIT RULE 32-1

Pursuant to Fed. R. App. P. 32(a)(7)(C) and Ninth Circuit Rule 32-1, I certify that the attached brief is proportionately spaced, has a typeface of 14 points and contains 3,545 words.

Dated: August 1, 2011          By: /s/ J. Darrell Palmer_____
                                   J. Darrell Palmer

## STATEMENT OF RELATED CASES

Appellant Frank Barbara is aware of the following related cases pending

in this Court:

Consolidated Appeals:        11-15182
                             11-15190
                             11-15191
                             11-15192

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on August 1, 2011.

I certify that all active participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system. All non-registered participants will be served via U.S. Mail.

/s/ J. Darrell Palmer_____
J. Darrell Palmer